UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM WOLF,

               Plaintiff,                                 Hon. Janet T. Neff

v.                                                    Case No. 1:18-CV-10

ASCENSION PARRISH
SHERIFF'S DEPARTMENT, et al.,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

       Plaintiff initiated this action on January 5, 2018, against the Ascension Parrish Sheriff's Department, and three of its employees, Chris Moody, Bill Taylor, and Teddy Gonzales.   As Plaintiff has been permitted to proceed as a pauper, the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.   While the facts giving rise to this action are unfortunate, the Court nevertheless recommends that this matter be dismissed for failure to state a claim.

       A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

       As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

While Plaintiff has not submitted an appropriate complaint, the materials Plaintiff has submitted tell the following story.   In early 2006, a man named Roger Looper shot Elaina Wolf and Caitlin Wolf.   Elaina and Caitlin were sisters and Plaintiff's daughters.   Elaina Wolf died from her injuries, while Caitlin survived.   Looper could not be located in the aftermath of these events, but further investigation led authorities to believe that Looper committed suicide after killing Elaina Wolf by jumping from a local bridge into the Mississippi River.   Approximately fourteen months later, a body was recovered from the Mississippi River which was subsequently identified as Roger Looper. Plaintiff has requested that the Ascension Parish Sheriff's Department provide him with a copy of

Looper's death certificate.  This request having apparently been denied, Plaintiff appears to now request that this Court order or otherwise compel Defendants to obtain "reinstatement of the murder warrant and attempted murder warrant."   Simply put, Plaintiff's position appears to be that he either be provided with definitive proof that his daughter's killer is dead or that law enforcement continue its efforts to locate Looper.

Plaintiff's position is not unreasonable and while the Court has great sympathy for Plaintiff's circumstance, this Court does not have the authority to interfere with a state law matter such as this.  *See, e.g., Brown v. Dallas Police Department*, 2017 WL 3225490 at *1 (N.D. Tex., July 7, 2017) ("failure to investigate" is not a violation of a federal constitutional or statutory right).   It appears that Louisiana is a "closed record" state which means that death certificates are not considered matters of public record.  *See* How to Order Death Records, available at http://new.dhh.louisiana.gov/index.cfm/page/640 (last visited on January 10, 2018).   Thus, the failure by Defendants to provide Plaintiff with a copy of Looper's death certificate does not appear to violate any law which this Court has the authority to enforce.

Records such as death certificates are often excluded from the category of public records because they may contain potentially sensitive personal information about the decedent and/or his family.  Nevertheless, perhaps Plaintiff can coordinate with the appropriate public officials in Ascension Parish to obtain a death certificate for Looper (or other suitable confirmation of Looper's death) that is appropriately redacted to protect the privacy of Looper's family while also offering Plaintiff the confirmation he seeks regarding his daughter's killer.

## <u>CONCLUSION</u>

For the reasons discussed herein, the undersigned recommends that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2).  The undersigned further recommends that appeal of this matter would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: January 10, 2018                                    /s/ Ellen S. Carmody
                                                          ELLEN S. CARMODY
                                                          U.S. Magistrate Judge